# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE DOE,[1]<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLADSTONE PSYCHIATRY AND WELLNESS, LLC<br>721 Gladstone Avenue<br>Baltimore, MD 21210,<br><br>　　　s/o Adam S. Zarren, Esq.<br>　　　Zarren Law Group, LLC<br>　　　8 Park Center Court<br>　　　Suite 100<br>　　　Baltimore, MD 21117<br><br>　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe, by her undersigned counsel, sues Defendant Gladstone Psychiatry and Wellness, and states:

## PRELIMINARY STATEMENT

1.　　Jane Doe ("Plaintiff"), an individual who is deaf, sought medical care at the Gladstone Psychiatry and Wellness in April 2023.  Defendant refused to provide a qualified sign language interpreter, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.  Plaintiff brings this

---

[1] Plaintiff files this complaint as Jane Doe because the complaint concerns the denial of psychiatry services, a highly sensitive and personal matter.  Please see the accompanying Motion to Proceed Pseudonymously.

lawsuit to compel Defendant to cease unlawful discriminatory practices, and implement policies and procedures that will ensure effective communication, equal access, and an equal opportunity to participate in and benefit from Defendant's medical services.  Plaintiff seeks declaratory and injunctive relief, compensatory damages, attorneys' fees, and costs.

## THE PARTIES

2. Plaintiff Jane Doe resides in Washington, DC.

3. Defendant Gladstone Psychiatry and Wellness is a Maryland corporation that provides psychiatry and wellness services to the public.  Defendant also does business as Gladstone Psychiatry.  On information and belief, it is a recipient of federal financial assistance because it, *inter alia*, accepts Medicaid/Medicare.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title III of the ADA, 42 U.S.C. §§ 12181 *et seq*., and section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.

## FACTUAL ALLEGATIONS

5. Jane Doe is deaf.

6. She is substantially limited in the major life activity of hearing. Jane Doe's primary mode of communication is through American Sign Language ("ASL").

7. Jane Doe was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD").

8. Jane Doe was referred to Gladstone by her therapist for evaluation for medication to receive ADHD.

9. On or about April 4, 2023, Jane Doe sent Gladstone an email to schedule an initial appointment as a new patient.

10. On or about April 5, 2023, Gladstone sent Jane Doe an email requesting additional information, including details about Jane Doe's insurance coverage.

11. Also on or about April 5, 2023, after determining that Jane Doe was qualified to be seen as a new patient, Gladstone requested a call with Jane Doe to schedule an appointment.

12. On or about April 6, 2023, Jane Doe and Gladstone's Patient Services Liaison Tinika Smith communicated by phone. During this call, Jane Doe requested a sign language interpreter for the appointment. Ms. Smith stated she would need to speak with a supervisor and follow up.

13. On or about April 7, 2023, Ms. Smith sent Jane Doe an email stating, "Unfortunately we can not provide an interpreter for your appointments."

14. Without a qualified interpreter to ensure effective communication, Jane Doe is not able to access care and treatment by Gladstone.

15. As a result of Gladstone's refusal to provide interpreters, Jane Doe was forced to go to another psychiatric nurse practitioner further away that provided interpreters.

16. Jane Doe suffered frustration, humiliation, and embarrassment when Gladstone would not provide the qualified interpreters necessary to ensure effective communication with her during appointments.

17. Jane Doe has also suffered economic harm including additional mileage incurred as a result of traveling further to another psychiatric nurse practitioner, as well as any differences in higher medical bills.

18.     Jane Doe has an ongoing need to consult with a prescriber for medication management of ADHD medication to ensure that she is receiving the appropriate dosage and doing well on the medication.

19.     Gladstone is closer to Jane Doe's home than the psychiatric nurse practitioner she has been seeing while Gladstone refuses to provide interpreters.

## COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT

20.     Plaintiff repeats and re-alleges the foregoing paragraphs in support of this claim.

21.     Plaintiff is substantially limited in the major life activities of hearing, speaking, and communicating, and therefore is an individual with a disability.

22.     Defendant owns, leases, and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

23.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations . . ." 42 U.S.C. § 12182(a).

24.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefit to individuals with disabilities. A public accommodation is required to administer its programs and activities in the most integrated setting appropriate to meet the needs of qualified individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A) and (B); 28 C.F.R. §§ 36.202; 36.203.

25.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation must make reasonable modifications in policies, practices, or procedures, when necessary to ensure access for people with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

26. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individuals with disabilities. 28 C.F.R. § 303.

27. Defendant has discriminated against Plaintiff on the basis of her disability by refusing to provide her with an ASL interpreter necessary to ensure effective communication, equal access, and an equal opportunity to participate in and benefit from Defendant's services in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189.

28. Defendant has discriminated and continue to discriminate against Plaintiff on the basis of her disability by denying her equal participation in the services, programs, and benefits Defendant offers to other individuals, and by refusing to reasonably modify its policies, practices, or procedures to provide sign language interpreters, in violation of Title III of the ADA, 42 U.S.C. § 12182.

29. As the result of Defendant's conduct, Plaintiff was and remains unable to access care that individuals without disabilities can readily access.

### COUNT II: SECTION 504 OF THE REHABILITATION ACT

30. Plaintiff repeats and re-alleges the foregoing paragraphs in support of this claim.

31. Plaintiff is substantially limited in the major life activities of hearing, speaking, and communicating, and therefore an individual with a disability.

32. Jane Doe is a "qualified individual with a disability" under Section 504 because she meets the essential eligibility requirements for the receipt of Defendant's programs, activities, and services.

33. During all relevant times, Defendant was and continues to be a recipient of federal financial assistance.

34. Pursuant to section 504, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be exclude from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794.

35. Defendant has discriminated and continues to discriminate against Plaintiff on the basis of her disability by denying her equal access to the services, programs, and benefits the Defendant offers to other individuals by refusing to reasonably modify its policies, practices, or procedures to provide ASL interpreters in violation of section 504 of the Rehabilitation Act.

36. Defendant's refusal to provide qualified interpreters was the result of intentional discrimination or deliberate indifference.

37. Plaintiff suffered and continues to suffer harm as the result of Defendant's conduct, including but not limited to an inability to access care from Gladstone and incurring additional costs related to seeking alternative care at a higher cost.

### COUNT III: PATIENT PROTECTION AND AFFORDABLE CARE ACT

38. Plaintiff repeats and re-alleges the foregoing paragraphs in support of this claim.

39. Pursuant to section 1557 of the Patient Protection and Affordable Care Act, "an individual shall not, on the ground prohibited under . . . [section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794)], be excluded from participation in, be denied the benefits of, or be subjected to discrimination, under any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116(a).

40. Section 1557 regulations state that covered entities "shall take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications

with others in such programs or activities" in accordance with regulations implementing Title II of the Americans with Disabilities Act, 28 C.F.R. §§ 35.160-35.164.  45 C.F.R. § 92.102(a).

41. Section 1557 regulations further state that covered entities "shall provide appropriate auxiliary aids and services" including sign language interpreters.  45 C.F.R. § 92.102(b).

42. Such sign language interpreters must "[a]dhere[] to generally accepted interpreter ethics principles, including client confidentiality" and be "able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary, terminology and phraseology."  45 C.F.R. § 92.102(b)(2).

43. Plaintiff is substantially limited in the major life activities of hearing, speaking, and communicating, and therefore an individual with a disability.

44. At all times relevant to this action, Defendant received federal financial assistance, including Medicare and/or Medicaid, and have been principally engaged in the business of providing health care.

45. Defendant discriminated against Plaintiff on the basis of her disability by denying the Plaintiff auxiliary aids and services necessary to ensure effective communication between the Plaintiff and Defendant.

46. Defendant has discriminated and continues to discriminate against Plaintiff on the basis of her disability by denying her equal access to the services, programs, and benefits the Defendant offers to other individuals by refusing to reasonably modify its policies, practices, or procedures to provide ASL interpreters in violation of section 1557 of the Patient Protection and Affordable Care Act.

47. Defendant's refusal to provide qualified interpreters was the result of intentional discrimination or deliberate indifference.

48. Plaintiff suffered and continues to suffer harm as the result of Defendant's conduct, including but not limited to an inability to access care from Gladstone and incurring additional costs related to seeking alternative care at a higher cost.

## **RELIEF**

Plaintiff respectfully requests that this Court provide the following relief:

(a) Issue a declaratory judgment that Defendant's policies, procedures, and practices subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act, section 504 of the Rehabilitation Act, and section 1557 of the Patient Protection and Affordable Care Act;

(b) Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf or hard of hearing, such as Plaintiff, equal access to and an equal opportunity to participate in and benefit from Defendant's services or programs;

(c) Order Defendant to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Plaintiff and other similarly situated individuals who are deaf, hard of hearing, or have speech impairments;

(d) Order Defendant to train all representatives and employees about Plaintiff's rights and the rights of individuals who are deaf, hard of hearing, or have speech impairments, as well as provide training on Defendant's policies and procedures on providing ASL interpreters;

(e) Award Plaintiff compensatory damages pursuant to section 504 and section 1557;

(f) Award Plaintiff reasonable attorneys' costs and fees; and

(g) Award any and all other relief that this Court finds necessary and appropriate.

>Respectfully submitted,
>
>   /s/ Mary Vargas
>Mary Vargas, MD 14135
>STEIN & VARGAS, LLP
>10 G Street NE, Suite 600
>Washington, DC 20002
>T:  (240) 793-3185
>F:  (888) 778-4620
>mary.vargas@steinvargas.com

Dated:  June 1, 2023

## JURY DEMAND

Plaintiff, Jane Doe, through her undersigned attorneys, hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

>   /s/ Mary Vargas
>Mary Vargas